

THE LAW OFFICES OF
PETER SVERD
—— P L L C ——

225 Broadway, Suite 613
New York NY 10007

☎ 646-751-8743
🖨 212-964-9516
✉ psverd@sverdlawfirm.com
🌐 www.sverdlawfirm.com

August 31, 2020

United States Magistrate Judge Anne Y. Shields
100 Federal Plaza P.O. Box 830
Central Islip, New York 11722

                **Re: Deborah Laufer v. OCR Duffy LLC**
                **Case No.: 20-cv-2678 (KAM)(AYS)**
                <u>**Letter Seeking Pre-Motion Conference**</u>

Greetings Judge Shields,

      This law firm represents the plaintiff, Deborah Laufer, in the above referenced matter. Ms. Laufer submits this letter request seeking a pre-motion conference to address her intention to interpose its First Amended Complaint in this case. This letter request is made in accordance with Individual Rule, IV.A, of District Court Judge Kiyo A. Matsumoto, and pursuant to Your Honor's Individual Rule X.C.

**<u>Brief Grounds for the Motion</u>**

      Ms. Laufer is a handicapped individual protected by the Americans with Disabilities Act, 42 U.S.C. § 12181 <u>et seq.</u> ("ADA"), who resides in Florida. Ms. Laufer has family in New York and often travels to the State to visit her family. Ms. Laufer plans to return to New York, and stay in a hotel, which she does, when she travels. Ms. Laufer's intended and potential travel destination include Jones Beach State Park, the Long Island Puppet Theatre, and Eisenhower Park, all of which are located in and around Hicksville in the County of Nassau- the location of the defendant's hotel. In order to assess, compare, and make meaningful choices about her travel plans, Ms. Laufer needs Defendant's hotel online reservation systems to be compliant with the ADA regulations governing hotel on-line reservation systems. The guidelines are designed to ensure that her right to compare hotels and ascertain whether or not their features and rooms are accessible to her. Ms. Laufer commenced this lawsuit when The Econo Lodge Hotel, located at 4429 Duffy Ave, Hicksville, NY 11801 deprived her of the ability to make a meaningful choice in making her upcoming travel plans and stay in hotels in the area. The plaintiff ascertained that OCR DUFFY LLC, owns, leases (or leases to), or operates a place of lodging shall, As is common in the hotel booking industry, Ms. Laufer searched website portals that were itemized in her complaint.

    28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

*Page 2 of 3*
*August 31, 2020*
*Judge Shields*

>   (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>   (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>   (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>   (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>   (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

**Plaintiff's Propose Amended Complaint**

Plaintiff's proposed First Amended Complaint sets forth the facts stated above. In her current complaint, Ms. Laufer details her standing as a tester, which are allegations contained in the amended complaint, as well.

**Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides for liberal amendment of pleadings and directs that leave to amend a complaint shall be "freely given when justice so requires." *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Grace v. Rosenstock*, 228 F.3d 40 (2d Cir.2000), *cert. denied*, 121 S.Ct. 1362 (2001); *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir.2000) (leave to assert affirmative defense). The decision to grant or deny a request to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994).

Where a moving party has demonstrated "at least colorable grounds for relief," leave to amend should be granted by the district court unless the nonmoving party shows: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) undue prejudice, or (5) futility of the amendment. *Cortigiano*, 227 F.R.D. at 201 (citing *Anthony v. City of New York*, 339 F.3d 129, 138 (2d Cir.2003); *Krumme v. WestPoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir.1998)).

*Page 3 of 3*
*August 31, 2020*
*Judge Shields*

At bar, the defendant has not interposed an answer, and the proposed amendment should be freely given.

**Conclusion**

It is respectfully requested that the pre-motion conference be scheduled.

Respectfully submitted,

Peter Sverd, Esq.

cc. Brian Shenker, Esq. by ECF Only